# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CARL N. DUNCAN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )  Case No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT OF DEFENDANT CARL N. DUNCAN

1.  Defendant Carl N. Duncan ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Defendant from violating Sections 5(a), 5(c), and 17(a)(2) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)(2)];

    (b)  orders Defendant to pay disgorgement in the amount of $15,570.00, plus prejudgment interest thereon in the amount of $524.98; and

1

(c) orders Defendant to pay a civil penalty in the amount of $25,000.00 under Section 20(d) of the Securities Act.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/10/12

Carl N. Duncan

On Sept. 10, 2012, Carl N. Duncan, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



JONATHAN A. LEVITT
Notary Public
Montgomery County
Maryland
My Comm. Expires May 28, 2013

Notary Public

Commission expires: 5.28.13

Approved as to form:

Arthur J. Salzberg, Esq.
Law Offices of Arthur J. Salzberg
The Bethesda office Center
4520 East-West Highway  Suite 700
Bethesda, MD  20814
Attorney for Defendant Carl N. Duncan

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| CARL N. DUNCAN, ) | |
| ) | |
| Defendant. ) | |

### AGREED FINAL JUDGMENT AGAINST CARL N. DUNCAN

The Securities and Exchange Commission ("Commission") having filed a complaint and Defendant Carl N. Duncan ("Defendant") having entered into a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appear from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUGED, AND DECREED** that the Defendant and Defendant's agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate

1

commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## II.

IT IS HEREBY FURTHUR ORDERED, ADJUGED, AND DECREED that the Defendant and Defendant's agents, servants, employees, and attorneys and those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

- (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
- (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
- (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a

registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED** that the Defendant shall not participate in the preparation or issuance of any opinion letter in connection with the offer or sale of securities pursuant to, or claiming an exemption under Section 4(1) of the Securities Act [15 U.S.C. § 77d(1)], and Rule 144 or Rule 802 under the Securities Act [17 C.F.R. §§ 230.144 and 230.802], including without limitation, signing an opinion letter or preparing an opinion letter to be signed by another person, related to such offering.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED** that the Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is an equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17 C.F.R. 240.3a51-1].

3

V.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that the Defendant is liable for disgorgement of $15,570.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $524.98, and a civil penalty in the amount of $25,000.00 pursuant to Section 20(d) of the Securities Act. Defendant shall satisfy this obligation by paying $41,094.98 to the Commission.

Duncan shall pay the total of disgorgement, prejudgment interest, and penalty due of $41,094.98 in four installment payments to the Commission according to the following schedule: (1) $11,094.98 within 14 days of the entry of this Final Judgment; (2) $10,000 within 120 days of the entry of this Final Judgment; (3) $10,000 within 240 days of the entry of this Final Judgment; and (4) $10,000 within 364 days of the entry of this Final Judgment. Payments shall be deemed made on the date that they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Duncan shall contact the staff for the amount due for the final payment.

If Duncan fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth herein, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

Defendant may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the Commission's website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Carl N. Duncan as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of each installment payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that the Consent of Defendant Carl N. Duncan is incorporated herein with the same force and effect as if fully set forth herein, and the Defendant shall comply with all of the undertakings and agreements set forth therein.

5

VII.

**IT IS HEREBY ORDERED, ADJUGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2012

APPROVED AS TO FORM:

_____
Arthur J. Salzberg, Esq.
Law Office of Arthur J. Salzberg
The Bethesda Office Center
4520 East-West Highway Suite 700
Bethesda, MD 30814
Attorney for Carl N. Duncan

_____
Deena Bernstein
Attorney for Plaintiff
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street 23rd Floor
Boston, MA 02110