UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. KELLY<br><br>Defendant. | C.A. No. XXX |

## **DECLARATION OF MARK B. ALBERS**

I, Mark B. Albers, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      Since October 2012, I have been employed as a Forensic Accountant with the U.S. Securities and Exchange Commission ("the Commission") in its Boston Regional Office. My duties include conducting investigations relating to potential violations of the federal securities laws.

2.      My relevant professional experience includes almost three years as an Auditor for Deloitte and Touche LLP and thirteen years as a Forensic Accountant for Deloitte Financial Advisory Services LLP, where I investigated financial statement fraud, asset misappropriation fraud, bribery and corruption, and securities litigation cases.

3.      I hold a Bachelors of Science in Business Administration with a concentration in Accounting from Michigan State University. I am a Certified Public Accountant in the states of Illinois and Michigan and I am a Certified Fraud Examiner.

4.      I make this declaration based upon my personal knowledge, except where indicated, and in support of the Commission's Motion Requesting Remedies.

5. In my previous declaration dated September 13, 2013 (hereafter referred to as the "September 2013 Calculation"), I calculated the total amount of Mr. Kelly's profits subject to disgorgement from trading in 8000, Inc. ("EIGH") as $415,592. In a letter from the Commission to Mr. Michael M. Mustakoff dated May 4, 2012, the Commission presented a "net proceeds" dollar amount of $264,224 (hereafter referred to as the "May 2012 Calculation") for Mr. Kelly's trading in EIGH based on information available as of that date. The difference between the May 2012 Calculation and my September 2013 Calculation is due to several factors as detailed below.

6. The May 2012 Calculation is based on the trading activity in six of Mr. Kelly's broker-dealer accounts [his Charles Schwab account, his Legent Clearing account, his Southwest Securities Inc. account and his three Vanguard Marketing Corp. accounts]. My September 2013 Calculation includes only the activity in Mr. Kelly's Charles Schwab account.

7. My September 2013 Calculation excludes the Legent Clearing and the Southwest Securities accounts because the EIGH trading activity in those accounts was negligible. Including those accounts would have increased the amount of net proceeds by a small amount that Mr. Kelly gained from trading in EIGH. By not including these two accounts, I chose a more simplified and conservative approach.

8. My September 2013 Calculation excluded the three Vanguard accounts because while Mr. Kelly purchased a total of 702,311 shares of EIGH in these three accounts, he did not sell any EIGH shares from these accounts during the time period in question. The matching principle is one of the fundamental guidelines established by the Financial Accounting Standards Board (FASB) to comply with Generally Accepted

Accounting Principles ("GAAP"). This principle requires that expenses should be matched with related revenues to calculate profitability during a specified time interval. Applying that logical and widely-accepted accounting principle to the facts and circumstances of Mr. Kelly's activity trading EIGH stock means that to accurately calculate a net proceed or loss form Mr. Kelly's Vanguard EIGH shares held in his Vanguard account, there would have had to have been a sale of EIGH stock in the specified time period to match against the preceding purchases. If buys are not matched with sales, which was the May 2012 calculation approach, Mr. Kelly impermissibly receives a credit for stock purchased but never sold.

9. My September 2013 Calculation for Mr. Kelly's net proceeds of EIGH transaction activity was derived using a First-In First-Out methodology based on transaction activity captured in Mr. Kelly's monthly Charles Schwab account statements. On the other hand the Charles Schwab account net proceeds from the May 2012 Calculation were derived from totals included in Bluesheet trading activity reports and was purported to represent a rough approximation of Mr. Kelly's net proceeds trading EIGH in his Charles Schwab account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __November 12th__, 2013, in Boston, Massachusetts.

_Mark B. Albers_
Mark B. Albers